UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LAUREL PENN and MONTE FRIEDMAN,

                            Plaintiffs,

         -against-

CITY OF NEW YORK, DET. ERICA MARLOW
Shield No. 07249, P.O. DANIEL FIRPO, Shield No.
485, P.O. MICHAEL CASTRO, Shield No. 10212,
CHINA GRILL MANAGEMENT, INC., CGM EMP
LLC, WEST 63 EMPIRE ASSOCIATES, LLC,
HERBIE GIMMEL and JOEL ORNSTEIN,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**AMENDED COMPLAINT**
(Jury Trial Demanded)

13 Civ. 603 (AKH)



Plaintiffs Laurel Penn and Monte Friedman, by their attorney Scott A. Korenbaum, Esq.,

for their Amended Complaint, allege as follows:

<u>INTRODUCTION</u>

1.    Laurel Penn and Monte Friedman bring this action to redress the deprivation of

their constitutional rights.  During the early morning hours of January 29, 2012, defendants

Detective Erica Marlow and Police Officers Daniel Firpo and Michael Castro entered their home

without a warrant or consent to arrest Mr. Friedman.  They further violated Mr. Friedman's

federal constitutional rights when they arrested him without probable cause.

2.    Mr. Friedman also brings this action against defendants China Grill

Management, Inc., CGM EMP LLC, West 63 Empire Associates, LLC, Herbie Gimmel and Joel

Ornstein.  More specifically, these defendants falsely accused Mr. Friedman of committing

crimes he did not commit, which led to his arrest.

## JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Ms. Penn's and Mr. Friedman's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to their claims arising under the common law of the State of New York.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of occurred in the State of New York, County of New York.

## PARTIES

5.      Ms. Penn and Mr. Friedman are citizens of the United States. They reside in the State of New York, County of New York.

6.      Mr. Friedman and Ms. Penn are husband and wife. At all times relevant herein, they resided in 61 West 62nd Street, Apt. 22-C (the "Home").

7.      Defendant Detective Erica Marlow, Shield No. 07249, was, at all times relevant herein, a member of the New York City Police Department ("NYPD"). At all times relevant herein, she was assigned to the 20th Precinct.

8.      Upon information and belief, Marlow is a retired member of the NYPD. At all times relevant herein, she was acting within the scope of her employment and under color of law.

9.      Defendant police officer Daniel Firpo, Shield No. 485, was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 20th Precinct.

10.     Upon further information and belief, defendant Firpo is still a member of the NYPD and still assigned to the 20th precinct. At all times relevant herein, he was acting within the scope of his employment and under color of law.

11.     Defendant police officer Michael Castro, Shield No. 10212, was, at all times relevant herein, a member of the NYPD. Upon information and belief, at all times relevant herein, he was assigned to the 20th Precinct.

12.     Upon further information and belief, defendant Castro is still a member of the NYPD and still assigned to the 20th precinct. At all times relevant herein, he was acting within the scope of his employment and under color of law.

13.     Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of defendants Marlow, Firpo and Castro.

14.     Defendant China Grill Management, Inc. ("China Grill") is the owner of the Empire Hotel Rooftop Bar (the "Bar"), which is located at 44 West 63rd Street, 12th floor. Upon information and belief, it is a Florida corporation, and the employer of defendants Herbie Gimmel and Joel Ornstein.

15.     Defendant CGM EMP LLC is the owner and/or operator of the Bar. Upon information and belief, it is a Delaware Limited Liability Company and the employer of defendants Herbie Gimmel and Joel Ornstein.

16.     Defendant West 63 Empire Associates, LLC owns the building where the Bar is located. Upon information and belief, it is a limited liability company organized under the laws of the State of New York.

17.     Upon information defendant Herbie Gimmel is a citizen of the State of New York. Upon further information and belief, at all times relevant herein he was an employee of defendant

-3-

China Grill Management, Inc. and/or defendant CGM EMP LLC.

18.    Upon information and belief, defendant Joel Ornstein is a citizen of the State of New York. Upon further information and belief, at all times relevant herein he was an employee of defendant China Grill Management, Inc. and/or defendant CGM EMP LLC.

## ADMINISTRATIVE PREREQUISITES

19.    On April 24, 2012, Mr. Friedman and Ms. Penn filed timely Notices of Claim with defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

20.    On September 11, 2012, Ms. Penn appeared for a hearing conducted pursuant to General Municipal Law § 50-h. On May 9, 2013, Mr. Friedman appeared for his 50-h hearing.

21.    This action was commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

22.    During the early morning hours of January 29, 2012, Ms. Penn and Mr. Friedman were asleep in the Home. At approximately 3:30 a.m., they were awakened by a knock on their door.

23.    Ultimately, Ms. Penn and Mr. Friedman came to the front door. There, they were confronted by Det. Marlow and Officer Firpo and Castro, who barged into the Home even though they did not have a warrant or the plaintiffs' consent.

24.    After these defendants entered the Home, Mr. Friedman asked if they had a warrant. Marlow responded in the negative. Mr. Friedman then asked them to leave. They did not. Instead, they followed Ms. Penn and Mr. Friedman into their bedroom and stood guard

while they got dressed.

25.     Ultimately, defendants Marlow, Firpo and Castro arrested Mr. Friedman for the crimes of Reckless Endangerment in the Second Degree (Penal L. § 120.20), Assault in the Third Degree (Penal L. § 120.00(1)), and Harassment in the Second Degree (Penal L. § 240.26(1)). The conduct underlying the crimes for which Mr. Friedman was arrested consisted of his allegedly throwing eggs from his window across the street at patrons of the Bar.

26.     Mr. Friedman did not commit the crimes for which he was arrested.  If Det. Marlow and Officers Firpo and Castro conducted a scintilla of investigation they would have realized that probable cause was lacking for his arrest because Mr. Friedman could not have physically accomplished what he was accused of doing.

27.     Mr. Friedman's arrest had its roots in a dispute between Mr. Friedman's building and defendants China Grill and the Bar, which at all times relevant herein was involved in a lawsuit with one another regarding noise complaints emanating from the Bar.

28.     While not a party to the litigation referenced in paragraph 28, Mr. Friedman was very vocal in his opposition to these defendants' operation of the Bar.  In fact, Mr. Friedman has contacted the 20th precinct, 311 and the Fire Department numerous times to complain about the noise levels from the Bar.

29.     Defendant Ornstein falsely accused Mr. Friedman of committing crimes. Specifically, he told one or more members of the NYPD, including Det. Marlow, that on January 8, 2012, at approximately 2:45 a.m., he saw Mr. Friedman from inside his (Friedman's) apartment throw numerous eggs at him, and that one of said eggs hit him.

30.     Defendant Gimmel falsely accused Mr. Friedman of committing crimes.

Specifically, he told one or more members of the NYPD, including Det. Marlow, that on January 29, 2012, he saw Mr. Friedman hit four patrons with eggs.

31.    As a result of the defendants' actions, Mr. Friedman was arrested and charged with the crimes referred to above. In total, Mr. Friedman spent approximately 36 hours in custody.

32.    On September 5, 2012, Mr. Friedman's criminal prosecution concluded with his acceptance of an adjournment in contemplation of dismissal.

## FIRST CLAIM FOR RELIEF
### (NYPD Defendants – Unlawful Entry)

33.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

34.    On January 29, 2012, defendants Marlowe, Firpo and Castro entered the Home without a warrant or the plaintiffs' consent.

35.    As such, defendants' conduct was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

36.    As a result of these defendants' conduct, plaintiffs have been harmed emotionally.

## SECOND CLAIM FOR RELIEF
### (NYPD Defendants – False Arrest)

37.    Plaintiff Monte Friedman repeats and realleges the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38.    On January 29, 2012, defendants Marlow, Firpo and Castro arrested Mr. Friedman within the meaning of the Fourth Amendment.

39.    These defendants lacked probable cause to believe that Mr. Friedman had

committed any crime.  Put simply, Mr. Friedman did not engage in any conduct that warranted

his arrest and/or detention, and these defendants knew, or should have known, that he did not

engage in any conduct that warranted his arrest and/or detention.

40.    As a result of these defendants' conduct, Mr. Friedman was detained, and at all

times he knew he was detained.  Moreover, Mr. Friedman did not consent to his confinement.

41.    Because these defendants lacked probable cause to believe that Mr. Friedman had

committed a crime, the arrest and/or seizure of Mr. Friedman was unreasonable within the

meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

42.    As a result of his arrest by these defendants, Mr. Friedman has suffered

psychological injuries.

### THIRD CLAIM FOR RELIEF
(Municipal Defendants – Trespass)

43.    Plaintiff Laurel Penn repeats and realleges the allegations contained in paragraphs

1 through 42, as if fully set forth herein.

44.    On January 29, 2012, defendants Marlow, Firpo and Castro entered the Home

without a warrant or the consent of Ms. Penn or Mr. Friedman.

45.    Such conduct amounted to trespass under the laws of the State of New York.

46.    As a result of these defendants' conduct, Ms. Penn has suffered psychological

injuries.

47.    As the employer of defendants Marlow, Firpo and Castro, defendant City is

responsible for the harm Ms. Penn has suffered as a result of these defendants' conduct pursuant

to the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF
### (Municipal Defendants – Excessive Detention)

48.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47, as if fully set forth herein.

49.     On January 29, 2012, at approximately 3:45 a.m., Mr. Friedman was arrested and brought to the 20ᵗʰ precinct.

50.     Through no fault of his own, Mr. Friedman was not arraigned until approximately 36 hours later.

51.     No legitimate basis existed for the delay attributable to Mr. Friedman's arraignment.

52.     As a result of the delay in his arraignment, Mr. Friedman suffered psychological injury, and continues to suffer psychological injury.

53.     Defendant City is responsible for the injuries Mr. Friedman suffered, and continues to suffers, as a result of the conduct of the delay in his arraignment pursuant to the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF
### (Non-Municipal Defendants – False Arrest/False Imprisonment)

54.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54, as if fully set forth herein.

55.     Defendants Gimmel and Ornstein falsely accused Mr. Friedman of committing crimes.

56.     As a result of their false accusations, Mr. Friedman was arrested.

57.     In falsely accusing Mr. Friedman of criminal conduct, Mr. Gimmel was acting on

behalf of the China Grill, CGM EMP LLC and/or West 63 Empire Associates, LLC.

58.    As a result of these defendants' conduct, Mr. Friedman has suffered psychological harm.

59.    As the employer of these defendants, defendants China Grill, CGM EMP LLC and/or West 63 Empire Associates, LLC is/are responsible for the injuries Mr. Friedman has suffered pursuant to the doctrine of *respondeat superior*.

PRAYER FOR RELIEF

WHEREFORE, Ms. Penn and Mr. Friedman pray for the following relief:

   (a)    compensatory damages in an amount to be determined at trial;

   (b)    punitive damages in an amount to be determined at trial;

   (c)    reasonable attorneys' fees;

   (d)    costs and expenses; and

   (e)    such other and further relief as is just and proper.

Dated: New York, New York
      February 7, 2014

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiffs
11 Park Place, Suite 914
New York, New York 10007
(212) 587-0018

By: _____
           Scott A. Korenbaum